UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-39-DLB

CHARLES MARSHALL STIVERS                                              PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                              RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate/Petitioner Charles Marshall Stivers is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Stivers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons (BOP) is improperly calculating his release date. (Doc. # 1).

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Stivers's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner

1

must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond.  See 28 C.F.R. §§ 542.14(a) and 542.18.

If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  See 28 C.F.R. §§ 542.15 and 542.18.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  See 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Stivers has not yet fully exhausted his administrative remedies.  After all, Stivers affirmatively admits that he did not file a grievance regarding the matter in question with the BOP. (Doc. # 1 at 7; Doc. # 1-1 at 1). And while Stivers claims that completing the exhaustion process "is not required in this case" and "would be futile" (Doc. # 1-1 at 1), he neither clearly explains why this would be the case nor identifies any authority that allows him to bypass the administrative grievance process and immediately proceed with his § 2241 petition.

Ultimately, in this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate.  See Kenney v. Ormond, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

(1)     Stivers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice.  Stivers may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3)  The Court will enter a corresponding Judgment.

This 30th day of March, 2023.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Stivers 0-23-039 Memorandum.docx